IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 90-60025-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMY EARL ENNIS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant has previously been denied habeas relief. Defendant seeks to toll the time limit for filing a second 28 U.S.C. § 2255 petition. Defendant speculates that the Supreme Court may make recent decisions such as <u>Apprendi v New Jersey</u>, 120 S.Ct. 2348 (2000), <u>Blakely v Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) retroactively applicable to cases on collateral review. Accordingly, defendant asks this court to toll the time period for filing his second petition so that should the Court make any of the above cases retroactively

applicable, his petition would be considered timely filed within one year of the respective decision.

Defendant's motion raises the difficult position petitioners' face when presented with formation of new rules of constitutional law that the Supreme Court does not make retroactively applicable until more than one year after the decision:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."§ 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
>
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. "[W]hen the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." <u>Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.</u>, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotation marks omitted). <u>See also</u> <u>Tyler v. Cain</u>, 533 U.S. 656, 663, n. 5, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) ("[E]ven if we disagreed with the legislative decision to establish stringent procedural requirements for retroactive application of new rules, we do not have license to question the decision on policy grounds"). The

> disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.
>
> Justice STEVENS would hold, contrary to the plain text, that the limitation period in ¶ 6(3) begins to run when the right asserted is made retroactive, see post, at 2488-2489 (dissenting opinion), because he assumes that "the most natural reading of the statutory text would make it possible for the limitations period to expire before the cause of action accrues," post, at 2484. Justice STEVENS analogizes this case to Graham County Soil & Water Conservation Dist. v. United States, ex rel. Wilson, ante, --- U.S. ----, 125 S.Ct. 2444, --- L.Ed.2d ---- , 2005 WL 1421316 (2005), see post, at 2483-2484 (dissenting opinion), but Graham County is distinguishable. The text of the statute at issue in Graham County is ambiguous, justifying the Court's partial reliance on "the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.' " See Graham County, ante, --- U.S., at ---- - ----, and n. 2, 125 S.Ct., at 2449-2450, and 2451, n. 2. Here, there is no such ambiguity; ¶ 6(3) clearly specifies the date on which the limitation period begins to run.

Dodd v. United States, 125 S.Ct. 2478, 2482-83 (2005).

Defendant, here, attempts to avoid this result, not by filing a second petition within one year of the decision he believes provides a new rule of constitutional law, but by asking this court to, in effect, overrule the Supreme Court. Defendant's motion also seeks to have this court provide an advisory opinion that, despite numerous rulings that the cases he cites are not retroactively applicable, the Supreme Court will eventually make the decisions retroactively applicable. The harsh reality is that at present, defendant may not get authorization to file a second petition

Page 3

absent a decision from the Supreme Court making the decisions retroactively applicable and if the Supreme Court did make such a decision, defendant would be time barred from taking advantage of the decision. As the Court noted, this is an issue for Congress to address, not the courts.

## Conclusion

For the reasons stated above, defendant's Motion for tolling time [#423] is denied.

DATED this 26th day of April, 2006.

_____
Michael R. Hogan
United States District Judge

Page 4